# CARLISLE
*v.*
## THE UNITED STATES ex rel. WATERS.

MANDAMUS; SEC. 838, R. S. U. S ; UNITED STATES ATTORNEYS' AC-
COUNTS IN INTERNAL REVENUE CASES.

1. Where the record in a *mandamus* proceeding to compel the Secre-
tary of the Treasury to examine and consider the claims of an
acting United States Attorney for compensation in certain inter-
nal revenue cases under sec. 838, R. S. U. S., shows that the
Secretary had upon the presentation of the claims to him rejected
them after consideration and examination, upon the ground that
in his judgment the statute made no provision for their payment,
the writ will be refused.

2. Under that statute, which provides that in certain internal revenue
cases the United States District Attorney to whom they are
referred shall be entitled to such compensation for expenses in-
curred and services rendered, as the Secretary of the Treasury
shall deem just and reasonable, upon the certificate of the judge
before whom such cases are tried and disposed of, it is not the
certificate of the judge which confers jurisdiction on the Secre-
tary to act; nor will the absence of the certificate necessarily
take away such jurisdiction. The certificate is merely evidence
to support the claim.

No. 520. Submitted December, 9, 1895. Decided January 6, 1896.

HEARING on an appeal by the Secretary of the Treasury
from an order directing the issue of a peremptory writ of
*mandamus* requiring him to examine and consider certain
accounts. *Reversed.*

The COURT in its opinion stated the case as follows :

This is a suit for a writ of *mandamus* to the Secretary of
the Treasury of the United States to require him to exam-
ine and consider three several accounts for services claimed
to have been rendered in certain internal revenue cases by
the relator, Charles C. Waters, while acting as United States
District Attorney for the eastern district of the State of Ar-

kansas, which position he held from April 12, 1889, to March 27, 1893.

In his petition for the writ, filed in the Supreme Court of the District of Columbia, on April 4, 1895, the relator states that, during the six months ending on June 30, 1890, the collector of internal revenue for his district, in pursuance of the duties imposed upon that officer by section 3164 of the Revised Statutes of the United States, had reported to him (the relator) certain alleged violations of the internal revenue laws of the United States by certain specified persons, forty-five in number, who had thereby subjected themselves to fines, penalties and forfeitures under the law; that, acting under section 838 of the Revised Statutes, the relator, after inquiry and examination of the cases, had decided that the ends of public justice did not require that legal proceedings should be instituted against the persons named; that the relator so reported to the Commissioner of Internal Revenue, who concurred in his decision; that similar action had been taken with fifty-eight other cases reported by the collector to the relator during the six months ending December 31, 1890, and with thirty-two other cases reported during the six months ending June 30, 1891, with similar approval by the Commissioner of Internal Revenue; that, under section 771 of the Revised Statutes, it was the duty of the relator to prosecute in his district all persons charged with crimes and offences against the United States; that consequently the cases so as aforesaid reported to him came within the control and disposal of the court of the United States for the eastern district of Arkansas for final disposition; and that, for the purpose of finally disposing of said cases, the relator, as district attorney, presented his three several accounts, aggregating $665, being a charge of $5 for each case, in open court, to the United States district judge, the Honorable John A. Williams, who, after reference of the accounts to the relator's successor in office, and approval thereof by the latter, himself approved the accounts, and certified that the charges were reasonable and just. Claiming

that, under the section 838 of the Revised Statutes which has been mentioned, he was entitled to the compensation so claimed for the services stated to have been rendered by him, the relator caused his accounts so approved to be presented to the Secretary of the Treasury for decision by the latter of the amount that should be paid to the relator for such services.   To the request for payment the Secretary returned answer as follows :

" In reply to your demand for payment of such sums as the Secretary shall deem to be just and reasonable, you are informed that these accounts are disallowed in conformity with the rulings of this Department begun by Secretary Bristow under the act of March 3, 1873 (17 Stat. 581), from which said section 838 was taken, followed by all his successors, and confirmed by Attorney-General Brewster March 2, 1855 (18 Opin. 126), and by Attorney-General Garland November 17, 1885 (Int. Rev. Record, vol. 31, 382), the disallowance in ' all such cases ' being made chiefly on the ground that the jurisdiction of the Secretary of the Treasury, under said section 838, is based ' upon the certificate of the judge before whom such cases are tried or disposed of ;' it being held that if a case was not actually tried or disposed of before a judge—that is after having been brought before him by indictment or information—no judge could give the proper certificate.   The certificates of Judge Williams presented with these accounts do not declare that the cases named therein were tried or disposed of by him, and it is obvious that he could not so certify in the face of Mr. Waters' declaration that he decided, as authorized by said section 838, not to institute criminal proceedings."

Construing this answer of the Secretary as a refusal by the latter to decide what sum was a just and reasonable compensation to the relator for his services, upon the ground that he (the Secretary) had no jurisdiction so to decide, and that no judge could give a proper certificate upon cases not brought before him by indictment or information, the re-

lator filed his petition in the court below for a writ of *man-damus*, as already stated, to require the Secretary to examine and consider the accounts of the relator and to determine, upon such examination and consideration thereof, what sum was a just and reasonable compensation for the services rendered.

A rule to show cause was issued. Subsequently the issue of the alternative writ and the return thereto were waived, and the case, after argument, was submitted to the court upon the foregoing facts as set forth in the relator's petition. The court ordered and directed the peremptory writ of *mandamns* to issue in accordance with the prayer of the petition ; and from this order an appeal has been taken on behalf of the Secretary of the Treasury.

*Mr. Edward B. Whitney,* Assistant Attorney-General of the United States, for the appellant.

*Mr. F. P. Dewees, Mr. W. W. Dudley* and *Mr. L. T. Michener* for the appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

Section 838 of the Revised Statutes of the United States, which has given rise to the present controversy, and the construction of which is sought, is in the following words :

" It shall be the duty of every district attorney to whom any collector of customs or of internal revenue shall report according to law, any case in which any fine, penalty or forfeiture has been incurred in the district of such attorney for the violation of any law of the United States relating to the revenue, to cause the proper proceedings to be commenced without delay for the fines, penalties and forfeitures in such case provided, unless, upon inquiry and examination, he shall decide that such proceedings cannot probably be sustained, or that. the ends of public justice do not require that such proceedings be instituted, in which case he shall report the facts in customs cases to the Secretary o

the Treasury, and in internal revenue cases to the Commissioner of Internal Revenue for their direction. And for the expenses incurred and services rendered in all such cases the district attorney shall receive and be paid from the Treasury such sum as the Secretary of the Treasury shall deem just and reasonable, upon the certificate of the judge before whom such cases are tried or disposed of: *Provided,* that the annual compensation shall not exceed the maximum amount prescribed by law by reason of such allowance and payment."

Much able and learned argument has been expended by counsel in this case on the subject of the authority of the courts of law at the suit of a citizen to control the action of the executive officers of the Government by the writ of *mandamus.* In that train of argument we do not deem it necessary here to follow ; for we are clearly of opinion that the Secretary of the Treasury has already done in this case all that it is sought to have him do by means of the writ of *mandamus;* and that therefore the issue of the writ would be a nugatory and useless act.

The prayer of the petition and the purpose of the writ are to require the Secretary to examine and consider the relator's accounts, and upon such examination and consideration to determine what sum of money would be a just and reasonable compensation to the relator for his alleged services. But upon the relator's own showing, the Secretary has already done all this. He has examined and considered the relator's accounts ; and in view of the statute under which compensation is claimed, he holds that the relator is not entitled to any compensation, and has therefore disallowed his claim. It is difficult to see what further the Secretary could have done, or could now be required to do ; unless it be to confess that he was in error, to admit that his interpretation of the statute, which seems to have been the uniform interpretation given to it in all such cases by the Treasury Department for nearly twenty years, was wrong, to reverse his decision, and to make to the relator

the allowance which he claims. But we do not understand that the relator maintains the position that the courts may control the Secretary's judgment in such cases or direct him in the decision which he must render ; for in view of the uniform current of authority on the subject, no such position could be maintained for a moment. It is for the Secretary to make an adjudication of the relator's claim ; and from his judgment thereon there is no appeal. Nor is it proper in any case to make the writ of *mandamus* serve the purpose of a writ of error. The relator is not without remedy, if the Secretary has misconstrued the statute ; but if there is any such misconstruction, which does not appear, it is not the province of a writ of *mandamus* to correct it

Apparently the ground of the relator's proceeding is a misapprehension of the Secretary's action as stated in the letter in which the relator's claim was disallowed. In that letter, after stating that the accounts had been disallowed, and giving as a reason for such disallowance the previous rulings of the Treasury Department upon all such cases, the Secretary, or rather the acting Secretary of the Treasury, proceeded to say, that the disallowance in all such cases was made upon the ground that the *jurisdiction* of the Secretary of the Treasury under section 838 of the Revised Statutes was based upon the certificate of the judge before whom the cases were tried or disposed of, and that the judge could give no certificate when the cases had not been brought before him by indictment or information. And from this the relator infers that the Secretary refused to take cognizance of his claim, on the ground that he had no jurisdiction to consider it. But it is obvious that there is here a palpable misapprehension of the significance of the language of the letter—although it seems proper to say that this language is itself rather inaccurate, notwithstanding that it seems to have come, in this instance, primarily from a ruling made on February 28, 1884, by Mr. Secretary Folger.

The evident meaning of the statement is, not that the

Secretary has not jurisdiction to act in such cases, and to examine and consider any and all accounts submitted to him under section 838 of the Revised Statutes, but that he is not authorized by that statute to make any allowance in cases such as that submitted by the relator. It is not a case of want of jurisdiction, or of a refusal to take jurisdiction, to pass upon a claim ; but a case of refusal, after the claim has been examined and considered, to allow it for the reason that the law does not make any provision for its payment. This is plainly what the Secretary's letter means. So far from refusing to take jurisdiction, he has taken jurisdiction, and he has adjudicated the claim and disallowed it.

Under any construction of the statute, it is not the certificate of the judge in such cases that confers jurisdiction on the Secretary to act; nor would the absence of the certificate necessarily take away such jurisdiction. The certificate is merely evidence to substantiate the claim, without which ordinarily the Secretary may not allow the claim. Now, if a refusal to allow a claim for the want of proper evidence, such as is required by law to support it, is the equivalent of a refusal to adjudicate a claim for want of jurisdiction to consider it, then every finding of a court adversely to a plaintiff or claimant who has failed to adduce sufficient proof to maintain his case, is a repudiation of jurisdiction ; and, of course, no such absurd conclusion can be sustained.

The ruling of the Secretary in this case, and of the Treasury Department in preceding cases, was to the effect that services, such as those claimed to have been rendered by the relator, were not intended to be compensated by the statute under consideration, notwithstanding that possibly there might be compensation for them under some other provision of law. Under this interpretation of the statute, the Secretary examined and considered the relator's claim ; of such examination and consideration his letter furnishes abundant proof; and having examined and considered it,

he rejected it as not coming within the purview of the statute in question. We wholly fail to see wherein he has failed to do what, under the most liberal application of the law of mandamus, he could reasonably be required by any court of law to do.

The order of the court below directing the issue of the peremptory writ of mandamus is undoubtedly erroneous, *and must be reversed, with costs ; and the cause must be remanded to that court, with directions to vacate such order, to discharge the rule to show cause, and to dismiss the petition. And it is so ordered.*